## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:20-cr-00217-LY-1 |
| | § | |
| **Jeremy Atkinson (1)** | § | |

### O R D E R

Before the Court are Defendant's Motion to Reconsider Bond, filed October 19, 2020 (Dkt. 23), and the Government's Response in opposition, filed October 29, 2020 (Dkt. 28). The District Court referred Defendant's Motion to the undersigned on October 20, 2020. Dkt. 25.

### I. Background

Defendant was arrested on August 26, 2020, pursuant to a warrant based on a complaint of unlawful possession of a firearm by a previously convicted felon and by a person convicted of a misdemeanor crime of domestic violence. *See* Dkts. 1-2, 10. After a detention hearing on September 1, 2020, the Court found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. 13. Defendant therefore was ordered detained pending trial. *Id.*

On September 15, 2020, Defendant was indicted on one count of unlawful possession of firearms by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of unlawful possession of firearms by a person previously convicted of a misdemeanor crime of domestic violence, namely Assault – Family Violence, in violation of 18 U.S.C. § 922(g)(9). Dkt 14. Jury selection and trial are set for February 8, 2021. Dkt. 26.

1

## II.  Analysis

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.

In his Motion, Defendant makes two arguments for release. First, he contends that he has been diagnosed with medical conditions requiring medical treatment, and that his requests to be seen by medical professionals at the Bastrop County Jail, where he is in custody, have been denied. "Therefore, Mr. Atkinson requests a medical release so that he may receive adequate medical care and be given access to his proper medication." Dkt. 23 at 1. With its Response, the Government submitted Defendant's medical records from the Bastrop County Jail.[1] Dkt. 28, Attachment 1. The records show that Defendant is under the care of medical professionals at the jail and is receiving medication. This argument is not persuasive.

Second, Defendant argues that defense counsel has received discovery comprising "voluminous amounts of media (audio, video recordings) which requires the use of a computer to view." *Id.* at 2. Because the media room at the Bastrop County Jail is closed due to the COVID-19 pandemic, Defendant contends, the defense "is burdened without the ability to meet with counsel to review and prepare for trial." *Id.* This argument also is not persuasive. As the Government points out in its Response, Defendant does not allege that he has requested and been denied any remedy other than release, such as transport to the United States Courthouse for purpose of discovery review. Dkt. 28 at 5.

---

[1] The Court granted the Government's motion to seal its response and attachments (Dkt. 27) because the filing contains medical information about Defendant.

After considering the factors set forth in 18 U.S.C. § 3142(g), information in the Pretrial Services Report, and the evidence and arguments of counsel presented in their briefing on Defendant's Motion to Reconsider Bond, it remains the conclusion of the Court that Defendant must be detained pending trial because the United States has proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. Relevant factors include the nature and circumstances of the offenses charged, the weight of the evidence against Defendant, his lengthy criminal history and violent past conduct, his repeated probation revocations, and the nature and seriousness of the danger to the community that would be posed by his release. To the extent that Defendant's Motion to Reconsider Bond presents information that was not known at the time of Defendant's detention hearing, it has no material bearing on whether there are conditions of release that will reasonably assure the safety of the community.

### III.   Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Reconsider Bond (Dkt. 23) is **DENIED**.

**SIGNED** on October 29, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE